**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH BREWING CANNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00072-MTS |
| | ) | |
| CITY OF SIKESTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Joseph Cannon, a prisoner who is proceeding *pro se* and *in forma pauperis*, sues the City of Sikeston and nine law enforcement officers who were involved in the investigation and prosecution of his ongoing criminal case, *State v. Cannon,* 25MI-CR00206 (33rd Jud. Cir. 2025). The Court has conducted the required review of the complaint, and will stay this case based on the principles of *Wallace v. Kato*, 549 U.S. 384 (2007).

## I. Background

On May 15, 2020, the State of Missouri charged Plaintiff in Scott County Circuit Court with second-degree murder and armed criminal action. *State v. Cannon,* No. 20SO-CR00605 (33rd Jud. Cir. 2020). The case has since changed venue, and the charges are now pending against Plaintiff in Mississippi County Circuit Court. *State v. Cannon*, No. 25MI-CR00206 (33rd Jud. Cir. 2025). A jury trial is scheduled for September 29, 2025 through October 1, 2025. *Id*.

Plaintiff sues the City of Sikeston, and the following individuals he identifies as law enforcement officers: Benjamin Quick, Bobby Sullivan, Matt Foster, James McMillan, Jonathan Wilson, David McNight, John Nelson, Flint Dees, and Chris Hamlett. Plaintiff claims the law enforcement officer Defendants acted individually and as part of a conspiracy to violate his

constitutional rights, and his claims arise from the same facts as his pending criminal case. Condensed and summarized, Plaintiff claims the Defendants unlawfully arrested and detained him, wrongfully pursued him as the primary suspect, fabricated evidence against him, destroyed or ignored exculpatory evidence, unlawfully seized evidence, falsified affidavits, and committed other wrongdoing. Plaintiff can be understood to allege that the City of Sikeston maintained policies governing the law enforcement practices that led to the alleged constitutional violations. Plaintiff argues he is innocent of the crimes he is accused of, and his arrest, detention, and prosecution are therefore unlawful. For relief, he seeks five million dollars for each year he has been detained.

## II. Standard

This Court is required to review *in forma pauperis* and prisoner complaints, and must dismiss them if, among other reasons, they are frivolous or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This Court must liberally construe a layperson's complaint, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but even laypersons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. Discussion

Plaintiff's claims are based on the same facts that led to his arrest, indictment, and prosecution in *State v. Cannon*, and relate to rulings that will likely be made in Plaintiff's upcoming criminal trial. The Supreme Court has instructed that "[i]f a plaintiff files a false arrest claim

before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace,* 549 U.S. at 393-94 (citation omitted).  Otherwise, the court and the parties are left to speculate about whether the prosecution "will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (citation omitted).

This Court finds that the principles of *Wallace v. Kato* dictate that this case should be stayed until the final disposition of Plaintiff's Missouri State criminal case.  Plaintiff may move to reopen this case after final disposition of *State v. Cannon*, 25MI-CR00206 (33rd Jud. Cir. 2025).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **STAYED** pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007).

**IT IS FURTHER ORDERED** that the Clerk shall **ADMINISTRATIVELY CLOSE** this case.

Dated this 24th day of September 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

3